IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-02323-EWN-BNB

PHATRAT TECHNOLOGY, INC.,

    Plaintiff,

vs.

POLAR ELECTRO INC.,

    Defendant.

---

## CONFIDENTIALITY AGREEMENT AND AGREED PROTECTIVE ORDER
## [PROPOSED]

---

**WHEREAS**, Plaintiff, PhatRat Technology, Inc. and Polar Electro Inc. (the "Parties") to this action anticipate that each Party has or will request the other to produce certain documents and information in preparing for trial;

**WHEREAS**, each Party regards certain documents and information it holds to contain and/or constitute confidential information and/or proprietary information; and

**WHEREAS**, the Parties agree to protect one another's claims to the confidential and proprietary documents and information;

**THEREFORE, IT IS HEREBY STIPULATED AND AGREED, BY AND BETWEEN UNDERSIGNED, COUNSEL FOR THE PARTIES, AS FOLLOWS:**

    1.    This Confidentiality Agreement and Protective Order shall govern any designated record of documentation or information which is produced by any Party during settlement discussions, as well as any communication or information which is relayed or exchanged by any

party during such settlement discussions. This Protective Order shall also govern any designated record of information produced in this action, including the initial pleadings, all designated deposition testimony, all designated testimony taken at a hearing or other proceeding, interrogatory answers, documents and other discovery materials, whether produced informally or in response to interrogatories, requests for admission, requests for production of documents, or other formal method of discovery.

2.  Except as hereinafter provided, the Parties and their counsel agree that the documents and information, including answers to interrogatories, produced or provided by each party in this action may be designated as "Confidential" or "Confidential – Attorneys Only," or a designation substantially similar thereto (collectively, "Confidential Information"). Upon a designation of confidentiality, the Confidential Information shall be used only for purposes necessary to the litigation of claims between and among the parties in this action (a "Permitted Purpose"), and not for any commercial, business, competitive, or other purpose, or in, or for, any other judicial or administrative proceedings, disputes, or cases without further written agreement by the parties or order of the Court.

3.  Documents designated as "Confidential" or "Confidential – Attorneys Only" shall include (a) all copies, extracts and complete or partial summaries prepared from such documents or information; (b) portions of pleadings which contain or reflect the content of any such documents, copies, extracts, or summaries, (c) portions of deposition transcripts and exhibits thereto which contain or reflect the content of any such documents, copies, extracts, or summaries; (d) portions of briefs, memoranda or any other writings filed with the Court and exhibits thereto which contain or reflect the content of any such document, copies, extracts, or summaries; (e) deposition testimony designated in accordance with paragraph 4 below; and (f)

testimony taken at a hearing or other proceeding that is designated in accordance with paragraph 10 below.

4. Information or testimony disclosed at a deposition may be designated as Confidential Information by either (i) identifying on the record at the deposition those portions of the testimony which are Confidential Information, or (ii) notifying in writing all parties to this Stipulation and Order ("Confidentiality Stipulation") within twenty-one (21) days of the date of receipt of the deposition transcript or the date of this Order, whichever is later, those pages and lines of the transcript considered to be Confidential Information. During the twenty-one (21) days after each deposition or the date of this Order, the entire transcript shall be considered Confidential Information.

5. With respect to testimony elicited during hearings and other proceedings, whenever counsel for any party deems that any question or line of questioning calls for the disclosure of information that should be kept "Confidential" or "Confidential – Attorneys Only," counsel may move to close the proceedings pursuant to DCCOLO LCivR 7.2. ~~designate on the record prior to such disclosure that the disclosure is Confidential or Confidential-Attorneys Only.~~ [EWN initials]

6. A party will make a Confidential Information designation, as is appropriate, only as to that information that it in good faith believes to contain or reflect such party's trade secrets, confidential or proprietary information, or information covered by a legitimate privacy right or interest of such party or of that party's customers, employees or agents or as to which a third party has provided documents, information or other material on the understanding that it will be kept confidential. Nevertheless, "Confidential – Attorneys Eyes Only" information shall be limited to highly sensitive, confidential research and development information and highly

-3-

sensitive, confidential financial information that the designating party believes in good faith will harm its competitive position if it becomes known to others beside the designating party.

7. Confidential Information may be designated as "Confidential" or "Confidential – Attorneys Only" by the producing party by marking the first page of the whole document, or the portions of the documents to be designated as Confidential, with the applicable confidentiality designation at the time the document is produced or served.

8. Except as otherwise provided by written stipulation of the parties or by further order of the Court, documents designated "Confidential" may be disclosed by the party receiving Confidential Information on a need-to-know basis only to:

    a. The Court and court personnel;

    b. The Parties;

    c. Counsel retained or employed by a Party to the extent necessary for the Permitted Purpose, including the necessary employees or agents of counsel to the parties assigned to and necessary to assist such counsel in this action;

    d. Any officer, employee, agent or in-house counsel of the parties to the extent necessary for the Permitted Purpose;

    e. Expert witnesses or consultants retained by the parties or counsel, but only to the extent necessary for the Permitted Purpose;

    f. Any court reporter or typist rendering services for recording or transcribing of testimony in this action or any outside independent reproduction or graphics firm rendering reproduction or graphics services in this action;

    g. Witnesses at depositions or trial, or counsel to those witnesses; and

  h. Such other persons as agreed to in writing by the parties or as determined by the Court after notice and hearing to all parties.

9. Except as otherwise provided by written stipulation of the Parties or by further order of the Court, documents designated "Confidential – Attorneys Only" shall be disclosed only to attorneys of record for the parties to this civil action, their authorized secretarial and legal assistants and staff, litigation support service companies (for necessary reproduction purposes only) and, subject to paragraph 11 hereof, to expert witnesses retained by the parties or their attorneys for purposes of this civil action. No documents or information designated "Confidential – Attorneys Only" shall be disclosed to any party to this action or to any officer, director, employee, or agent of any party, except by written stipulation of the parties or by order of the Court.

10. This Order shall not bar any attorney herein in the course of rendering advice to his or her client with respect to this litigation from conveying to any party client his or her evaluation in a general way of Confidential Information produced or exchanged herein; provided, however, that in rendering such advice and otherwise communicating with his or her client, the attorney shall not disclose the specific contents of the information produced by another party herein, which disclosure would be contrary to the terms of this Protective Order.

11. Prior to receiving Confidential Information, any person to whom Confidential Information is disclosed shall acknowledge, by signing a copy of the attached non-disclosure certificate ("Confidentiality Certificate"), that he/she read this Confidentiality Stipulation and agrees to be bound by its terms. The original executed copy of each such Confidentiality Certificate shall be maintained by the attorney who provides the Confidential Information to any

person described in paragraph 8 above and that attorney has a duty to reasonably ensure that such person observes the terms of this Confidentiality Stipulation.

12. This Confidentiality Stipulation does not affect the rights of the parties with respect to their own documents or information. The production of any Confidential Information shall not constitute an admission by the producing party nor waive the producing party's rights, with respect to the propriety of its disclosure or its relevance. This Protective Order shall not preclude any party from designating and obtaining, on an appropriate showing, such additional protection with respect to the confidentiality of documents or other discovery material as that party may consider appropriate. Nor shall any party be precluded from claiming that any matter designated hereunder is not entitled to the protections of this Protective Order, from applying to the Court for an order permitting the disclosure or use of information or documents otherwise prohibited by this Protective Order, or from applying for an order modifying this Protective Order in any respect. No party shall be obligated to challenge the proprietary of any confidentiality designation and failure to do so shall not preclude a subsequent attack on the propriety of such designation. On any motions challenging the designation of any documents or other record of information as Confidential or Confidential – Attorneys Only, the burden of justifying the designation shall lie with the designating party.

13. Any person receiving Confidential Information shall provide said Confidential Information only to persons to whom disclosure of the Confidential Information is authorized by this Confidentiality Stipulation and only for the purposes authorized herein.

14. In the event it becomes necessary to show any Confidential Information to a witness at a deposition who is not authorized to see it as set forth in paragraphs 8 and 9 above, the Confidential Information shall be disclosed to that witness only after the witness

acknowledges on the record during that deposition that he/she read this Confidentiality Stipulation and agrees to be bound by its terms, unless the witness is identified on the document as being an author, source or recipient of the Confidential Information or the document refers or relates to the witness, in which case the witness may be questioned regarding the document. That portion of any deposition transcript, including attached exhibits, which discloses, pertains to, refers to, or incorporates Confidential Information shall be treated according to the terms of this Confidentiality Stipulation and shall be deemed to be Confidential Information.

15. All Confidential Information filed with the Court shall be filed under seal ~~with the~~ in a manner consistent with DCCOLOLCivR 7.2 and 7.3. ~~Clerk of the Court, in a sealed envelope bearing the caption of this action, a brief description of the nature of the contents of the envelope, and the following legend:~~ [BNB]

~~CONFIDENTIAL~~

This envelope contains documents that are subject to a Confidentiality Stipulation and Order governing the use of confidential material. The envelope shall not be opened nor the contents thereof displayed or revealed (other than to court ~~personnel) except by order of the Court.~~

16. This Confidentiality Stipulation shall be deemed to continue even after any litigation between the parties terminates, unless and until all documents subject to this agreement are destroyed and the party destroying such documents furnishes the other parties a certification itemizing the Confidential Information and/or documents that have been destroyed.

17. Should a third-party seek access to the Confidential Information, by request, subpoena or otherwise, the subpoenaed party shall promptly notify all other parties and shall not produce such Confidential Information unless the subpoenaing parties agree to sign the Confidentiality Stipulation (restricting the use of the Confidential Information exclusively to their litigation) or unless the subpoenaed parties are ordered to produce such Confidential Information by any court.

18. Any dispute which arises under this Confidentiality Stipulation, including any effort to contest the designation of Confidential Information as Confidential, shall be resolved by motion made before the Court pursuant to the Federal Rules of Civil Procedure and applicable local or court rules.

19. Prior to the use of any Confidential Information at any hearing held in open court, except in this case, counsel desiring to use such Confidential Information shall provide reasonable notice to all counsel executing this Confidentiality Stipulation and allow all counsel executing this Confidentiality Stipulation the opportunity to object to the disclosure of Confidential Information in open court.

20. Documents produced without designation as "Confidential" may be retroactively designated by notice in writing of each document by Bates number within thirty (30) days of production or of the date of this Confidentiality Stipulation, whichever is later, and shall be treated appropriately from the date written notice of the designation is provided to the receiving party.

21. No part of the restrictions imposed by this Protective Order may be terminated, except by written stipulation executed by counsel of record for each designating party, or by order of this Court for good cause shown. Determination of this civil action shall not automatically terminate the directives of this Protective Order.

22. The provisions of this Confidentiality Stipulation shall survive the conclusion of this litigation, whether by settlement, judgment or otherwise, and shall continue in full force and effect. The Court shall retain jurisdiction over the parties and any other person bound by this Confidentiality Stipulation, to enforce this Confidentiality Stipulation.

Dated this 26 day of January, 2006.

Respectfully submitted,

| | |
|---|---|
| /s/ Tamara Carmichael | /s/ Gregory P. Casimer |
| Tamara Carmichael (TC 0697) | Gregory P. Casimer |
| E-Mail: tamara.carmichael@hklaw.com | E-Mail: Casimer@nshn.com |
| John Moran | David J. Sheikh |
| E-mail: john.moran@hklaw.com | E-mail: sheikh@nshn.com |
| HOLLAND & KNIGHT LLP | NIRO, SCAVONE, HALLER & NIRO |
| 195 Broadway, 24th Floor | 181 West Madison Street, Suite 4600 |
| New York, NY 10007 | Chicago, IL 60602-4515 |
| Tel: (212) 513-3200 | Tel: (312) 236-0733 |
| *Attorneys for Defendant* | *Attorneys for Plaintiff* |
| *Polar Electro, Inc.* | *PhatRat Technology, Inc.* |

**DONE AND ORDERED** this 27th day of January, 2006.

_____
~~UNITED STATES DISTRICT COURT JUDGE~~

Copies to: All counsel of record

**BOYD N. BOLAND**
**United States Magistrate Judge**

-9-

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-02323-EWN-BNB

PHATRAT TECHNOLOGY, INC.,

    Plaintiff,

vs.

POLAR ELECTRO INC.,

    Defendant.

---

## CONFIDENTIALITY CERTIFICATE

---

    I certify my understanding that access to confidential material is provided to me pursuant to the terms and restrictions of an Agreed Confidentiality Agreement and Protective Order ("Confidentiality Order") among the parties to this action, dated January _____, 2006, and that I have been given a copy of, and have read, the Confidentiality Order and agree to be bound by its terms. I understand that the contents of the Confidential Information (as defined in the Confidentiality Order) and any notes or other memoranda or any other forms of information which disclose confidential materials, shall not be disclosed to anyone other than in accordance with the Confidentiality Order and shall be used only for the purposes set forth therein. I agree to be subject to the personal and subject matter jurisdiction of the United States District Court for the District of Colorado, for purposes of enforcement of this Confidentiality Certificate and the Confidentiality Order.

                        By: _____

                        Title: _____

                        Representing: _____

                        Date: _____